UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUSAN K. PLESO,

    Plaintiff,

v.                                           CASE NO: 8:06-cv-158-T-23MAP

JIM COATS
Pinellas County Sheriff,

    Defendant.

_____/

**ORDER**

    Susan Pleso sues the Pinellas County Sheriff (the "sheriff") pursuant to 42 U.S.C. § 1983 for unreasonable search and seizure and pursuant to state law for negligence.[1] The complaint alleges that the High Intensity Drug Trafficking Area Task Force (the "task force"), operated by the sheriff, suspected the plaintiff's minor son of using the plaintiff's residence to store and to distribute marijuana and cocaine. The task force obtained a search warrant for the plaintiff's residence. In execution of the warrant, the task force employed a diversionary device and entered the plaintiff's residence unannounced. The complaint alleges that the officers seized the plaintiff and used excessive force by thrusting an officer's boot into the plaintiff's back, with such great

---

[1]Count one asserts a claim for "unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments." Count two asserts a claim for "practice, policy, and/or custom of unreasonable search and seizure." Because a Section 1983 claim against a sheriff requires both an allegation of a constitutional violation and an allegation that a policy of the sheriff caused the violation, counts one and two are considered as a single count pursuant to Section 1983 for unreasonable search and seizure.

force that she urinated involuntarily.  As the task force searched the plaintiff's residence,

an officer placed a red rag over the plaintiff's head, blocking her vision.  Task force

officers took the plaintiff to the garage and interrogated the plaintiff for approximately

one hour, the rag remaining all the while on her head.

The complaint asserts a Section 1983 claim against the sheriff for the acts of the

task force and claims that:

> The defendant's use of excessive force in execution
> of the search warrant against the plaintiff, along with its
> treatment of similarly-situated individuals yet unknown to the
> plaintiff, is evidence of a practice, policy and/or custom of
> repeated and persistent constitutional violations by the
> defendant.

> The defendant was deliberately indifferent in failing to
> take protective or corrective measures so as to protect the
> plaintiff and other yet to be identified similarly-situated
> individuals from further constitutional violations by the
> defendant after being put on notice of the unconstitutional
> acts.

"Section 1983 will not support a claim based on a *respondeat superior* theory of

liability."  Polk County v. Dodson, 454 U.S. 312, 325 (1981) (citing Monell v. New York

City Dept. of Social Services, 436 U.S. 658 (1978), and dismissing claims against the

county).  To establish a claim against a government body under Section 1983, the

plaintiff must demonstrate that an official policy is "the moving force of the constitutional

violation."  Monell, 436 U.S. at 694; see also Nesbitt v. Florida, 2006 WL 1653602

(N.D. Fla.) (holding that the sheriff, in his official capacity, is the appropriate defendant

in a Section 1983 claim).  Further, a plaintiff demonstrates "supervisory liability" upon a

showing that either the "supervisor personally participate[d] in the alleged constitutional

violation" or "there is a causal connection between actions of the supervising official and

the alleged constitutional deprivation." Brown v. Crawford, 906 F.2d 667, 671 (11th

Cir. 1990).

Although skeletal and perfunctory, the defendant's motion to dismiss asserts

sufficient authority pursuant to Monell for dismissal.  Accordingly the motion (Doc. 6) is

**GRANTED**.  The complaint fails to allege that the sheriff was present during the search

of the plaintiff's home.  Further, the plaintiff's allegations establish neither a policy that

results in a constitutional violation nor a causal connection between the sheriff's actions

and any alleged constitutional deprivation.  The allegations of similar violations against

"yet unknown" and "yet to be identified" individuals fail to establish "a history of

widespread abuse" that notifies the sheriff of the need to correct the alleged deprivation.

Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) ("The deprivations that constitute

widespread abuse sufficient to notify the supervising official must be obvious, flagrant,

rampant and of continued duration, rather than isolated occurrences.").  Instead, the

complaint describes an isolated occurrence which fails to result from an official policy.

Accordingly, the complaint fails to state a Section 1983 claim against the sheriff and

counts one and two are **DISMISSED**.  On or before **July 21, 2006**, the plaintiff may

amend the complaint.

Count three asserts a state law claim for negligence.  The district courts of the

United States have original jurisdiction over "all civil actions arising out of the

Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331.  When a state

law claim arises out of the same case or controversy as the federal claim, United States

district courts may exercise supplemental jurisdiction.  See 28 U.S.C.A. § 1367(a).

- 3 -

However, the court declines to exercise jurisdiction over the state negligence claim.

Count three is dismissed without prejudice to the plaintiff's filing a claim in state court.

ORDERED in Tampa, Florida, on June 30, 2006.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:   US Magistrate Judge
       Courtroom Deputy

- 4 -